UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SORAYA ROJAS GONZALEZ,                    :    DECISION AND ORDER
                                          :    13-CV-4992 (WFK)
                Plaintiff,                :
                                          :
    -against-                             :
                                          :
WEIL, GOTSHAL & MANGES, LLP;              :
BARBARA SMITH; KEVIN HAGGERTY;            :
KATHY ORTIZ; and TYRA BOWENS,             :
                                          :
                Defendants.               :
                                          :
----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Soraya Rojas Gonzalez, *pro se*, brings this Complaint alleging that the Defendants, Weil Gotshal & Manges, LLP ("Weil Gotshal") and four individual Defendants, violated the Americans with Disabilities Act ("ADA") by failing to accommodate her disability. Defendants move to dismiss the Complaint arguing that Plaintiff's claim is procedurally flawed and time-barred because Plaintiff failed to file her EEOC complaint within 300 days of the last alleged discriminatory act. This Court agrees. Plaintiff's Complaint is time-barred because of her failure to file a timely complaint with the EEOC. Furthermore, Plaintiff has failed to demonstrate that the Court should invoke the doctrine of equitable tolling. Accordingly, Plaintiff's Complaint is dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Soraya Rojas Gonzalez ("Plaintiff"), a former employee in Weil Gotshal's Accounting Department, filed her federal Complaint on a court-supplied *pro se* form on September 4, 2013 alleging that Defendants violated the ADA. (Compl. at 1). Plaintiff checked off the box for "failure to accommodate [her] disability" and wrote "failure to prevent harassment and aggression toward [her], not relocating" as the discriminatory conduct suffered. (*Id.* at 3). Plaintiff alleges that the discriminatory acts took place from March 2010 to July 2010 and

October 2010 to September 2011.[1] (*Id.*) Plaintiff's alleged disabilities are post-traumatic stress disorder (PTSD) and anxiety/panic. (*Id.*)

Plaintiff's handwritten narrative of events states that she was subject to discrimination, harassment, and intimidation by Defendant Tyra Bowens, a Weil Gotshal co-worker. (*Id.* at 4). Plaintiff alleges that she was suffering from mental health issues because of her abusive father's passing. (*Id.* at 5). Plaintiff further alleges that she suffered a severe anxiety attack because of Ms. Bowens's harassment and intimidation. (*Id.*) Plaintiff alleges that Weil Gotshal did nothing in response to her complaints about Ms. Bowens except to offer Plaintiff two to three months of salary while she looked for another job. (*Id.*) Plaintiff argues that this was akin to "blaming [her] for Tyra Bowens's behavior." (*Id.*)

Plaintiff alleges that Ms. Bowens's aggression and intimidation were taking a toll on her mental health and Weil Gotshal allowed the conduct to occur. (*Id.* at 5). Plaintiff alleges that Weil Gotshal was aware that her psychiatrist recommended that she could no longer work at her current location, but that the firm neither transferred her nor allowed her to work from home. (*Id.* at 6). Plaintiff alleges that this constituted a failure to accommodate her disability and claims that Weil Gotshal was negligent for allowing her to be subject to "discrimination, harassment and intimidation." (*Id.* 6–7).

Plaintiff twice took disability leave from Weil Gotshal because of her conditions. The second leave commenced on September 7, 2011 and Plaintiff has not returned to the firm since. (*Id.*) Plaintiff filed a complaint with the NYCCHR (or the "Commission") on September 4, 2012, which was forwarded/dual-filed with the Equal Employment Opportunity Commission

---

[1] In her NYCCHR complaint, Plaintiff stated that the last act of discriminatory conduct was in August 2011. (Aff., Ex. 2 at ¶ 14). But, in reading the Complaint in the light most favorable to Plaintiff, the Court will use the September 2011 date written on the court-supplied *pro se* complaint form as the operative date for this motion.

("EEOC") on the same date. (Affirmation of Louis P. DiLorenzo ("Aff."), Ex. 2). The NYCCHR dismissed Plaintiff's claim, finding that she failed to file her complaint within one year of the last alleged discriminatory act, as required by the Commission. (Aff., Ex. 3 at 2). Furthermore, the Commission noted that even if the claim had been timely, it would have nonetheless failed on the merits. (*Id.*) On July 5, 2013, the Commissioner/Chair of the NYCCHR affirmed the dismissal. (Aff., Ex. 4). On August 13, 2013, the EEOC adopted the findings of the NYCHHR and provided Plaintiff with her right to sue letter. (Aff., Ex. 5). Plaintiff brought this action in federal court on September 4, 2013 suing Weil Gotshal and the individual Defendants, current and former Weil Gotshal employees, for violating her rights under the ADA. (Compl. at 1). Defendants moved to dismiss the Complaint on January 9, 2014 arguing that the claim is time-barred because of Plaintiff's failure to bring an EEOC complaint within 300 days of the last alleged discriminatory act. This Court held oral argument on April 25, 2014.

Plaintiff has continually responded to Defendants' allegations that her claim is time-barred by recounting her interaction with the NYCCHR employee with whom she spoke on September 4, 2012—the day she filed her complaint with the Commission. Plaintiff alleges that Mr. Andrew Sonpron, Jr. of the NYCCHR told her that she had "barely made the date" for filing her NYCCHR complaint and that his supervisor confirmed that her claim was timely. (Aff., Ex. 6). In her papers, Plaintiff continues to assert that any procedural deficiency is the fault of the NYCCHR employees and that "they should be held liable NOT [Plaintiff.]" (Pl.'s Br. in Opp. at 2).

## ANALYSIS

### I. Plaintiff's ADA Claim is Time-Barred

In order to bring a lawsuit alleging unlawful employment practices in New York federal court, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the last

alleged unlawful employment action. *Parks v. N.Y. City Dep't of Corr.*, 253 F. App'x 141, 143 (2d Cir. 2007); *see also Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x 647, 649 (2d Cir. 2011) (applying the 300 day EEOC complaint rule to ADA claims); *Cobian v. New York City*, 23 F. App'x 82, 83 (2d Cir. 2001) (same); 42 U.S.C. § 2000e-5(e)(1). "Where a plaintiff fails to file a timely charge with the EEOC, either directly or through an authorized state or local agency, the federal complaint is time-barred." *Parks*, 253 F. App'x at 143 (citing *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 307 (2d Cir. 1996)).

Here, the last alleged date of discriminatory treatment was in either August 2011, (Aff., Ex. 2 at ¶ 14), or September 2011, (Compl. at 3). Plaintiff requested time off work for disability leave, and was granted disability leave on September 7, 2011. (Compl. at 6). She has not returned to work since, (*id.*), and did not file her NYCCHR/EEOC complaint until September 4, 2012, (Aff., Ex. 2 at 3). Reading the Complaint in the light most favorable to Plaintiff, even if the last discriminatory act occurred on Plaintiff's final day of work, September 7, 2011, her EEOC complaint would still be time-barred by more than 60 days.[2] *See Lloyd v. N.Y. Botanical Garden*, No. 03-Civ.-7557, 2006 U.S. Dist. LEXIS 49066, at *12 (S.D.N.Y. July 6, 2006) (Jones, J.) (finding a claim time-barred under the ADA when EEOC complaint was not brought until more than a year after the plaintiff took a leave of absence). As no discriminatory treatment could have occurred after September 7, 2011, Plaintiff was required to bring her EEOC complaint within 300 days of that date. *Predun v. Shoreham-Wading River Sch. Dist.*, 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007) (Wexler, J.) ("Failure to file an administrative charge with

---

[2] While the relevant inquiry for this Court is the date of the EEOC complaint, the NYCHRR held that Plaintiff also failed to bring her claim within the Commission's 365 day deadline as the last alleged discriminatory act in her NYCHRR complaint was in August 2011. (Aff., Ex. 3 at 2).

the EEOC within the 300 days extinguishes the [federal ADA] claim and prohibits recovery."). Accordingly, Plaintiff is time-barred from brining her ADA claim in federal court.

## II. Plaintiff is Not Entitled to Equitable Tolling

Plaintiff responds to the motion to dismiss arguing that: (1) her PTSD prevented her from filing a timely claim; and (2) NYCCHR workers told her that she had filed her claim in time. Defendants read these arguments as a request for equitable tolling, (Def.'s Reply Br. at 2), and the Court views the *pro se* litigant's arguments in this light as well.

"Equitable tolling . . . is appropriate only in rare circumstances where a party is prevented in some extraordinary way from exercising [her] rights, such as . . . where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Falso v. Gates Chili Cent. Sch. Dist.*, 408 F. App'x 494, 496 (2d Cir. 2011) (internal citation omitted). Here, Plaintiff bears the burden of demonstrating that the Court should invoke equitable tolling. *Thomas v. Burmax Co.*, No. 12-cv-6363, 2013 WL 6681616, at *4 (E.D.N.Y. Dec. 18, 2013) (Bianco, J.). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (internal quotations omitted). Additionally, "filing charges as a *pro se* litigant [and] having limited experience with the law [are not] valid reason[s] for equitable tolling." *Kantor-Hopkins v. Cyberzone Health Club*, 2007 WL 2687665, at *6 (E.D.N.Y. June 8, 2007) (Irizarry, J.).

Here, Plaintiff has not shown that she acted with reasonable diligence during the time period she seeks to have tolled. Plaintiff has proffered no evidence that she "acted as expeditiously as was feasible in the circumstances" and does not even allege that she attempted

to file her NYCCHR/EEOC claims prior to September 4, 2012. *Id.* (internal quotations omitted). "[E]xtensive delays in filing charges serve as sufficient evidence that a party was not reasonably diligent in its efforts." *Id.* (citing *Smith v. McGinnis,* 208 F.3d 13 (2d Cir. 2000)).

Plaintiff's conversation with the NYCCHR employee does not alter the analysis. At the time of that conversation, September 4, 2012, Plaintiff's claim was already deficient by more than two months. The conversation occurred *after* the filing period had already lapsed and therefore the employee's assurance that the claim was timely, while incorrect, did not prejudice Plaintiff. Plaintiff could not have relied on the employee's misinformation in evaluating when to bring her claim because she received his assurance simultaneously with her first attempt to file a claim. In short, Plaintiff's failure to pursue an NYCHRR/EEOC complaint at any time prior to September 4, 2012 is fatal to her request for equitable tolling.

Furthermore, Plaintiff has failed to establish that her circumstances were so extraordinary that she was completely prevented from filing her NYCCHR/EEOC complaint. "Only in a limited number of cases do extraordinary circumstances exist such that equitable tolling is warranted . . . [s]uch cases include those where a plaintiff's mental or physical disability prevented him from handling his legal affairs." *Thomas,* 2013 WL 6681616, at *4 (citing *South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir. 1994) (principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect")). Ultimately, few medical ailments will justify invoking equitable tolling. *Id.*; *see also Kantor-Hopkins,* 2007 WL 2687665, at *6–7.

The facts here do not demonstrate that Plaintiff's circumstances were so extraordinary as to justify equitable tolling. Plaintiff admits in her reply brief that she had the ability to and did in fact take care of legal, financial, and medical matters during the time period between her final day at

Weil Gotshal and the date she filed her NYCCHR/EEOC complaint. (Pl.'s Opp. Br. at 1, 24). Plaintiff admitted that she visited her psychotherapist on a weekly basis and saw her psychiatrist regularly during this time period. (*Id.*) Furthermore, Plaintiff applied for social security and long-term disability benefits between September 2011 and September 2012. (*Id.* at 1, 29–30). And while Plaintiff's window to bring an EEOC complaint lapsed in June 2012, Plaintiff was actively challenging her long-term disability benefit award in April 2012. (*Id.* at 29–30).

A recent decision in this District has made clear that a plaintiff suffering from PTSD who is able to seek compensation and disability benefits, and visit her treating physicians between the last alleged act of discrimination and the date she files her EEOC complaint, cannot seek equitable tolling on the theory that her disability prevented her from filing a timely EEOC complaint. *Thomas*, 2013 WL 6681616, at *5; *see also Lloret v. Lockwood Greene Eng'rs, Inc.*, No. 97-CV-5750, 1998 WL 142326, at *4, 6 (S.D.N.Y. Mar. 27, 1998) (Sotomayor, D.J.) ("[P]laintiff's post-termination depression [was] not sufficient to warrant" equitable tolling, where plaintiff did not show how his depression "so affected [him] that he was unable to take care of his legal affairs."). Here, as in *Thomas*, "[P]laintiff's own allegations demonstrate that [she] was able to function in society and comprehend [her] legal rights." *Thomas*, 2013 WL 6681616, at *5. Plaintiff's conduct during the 300 days during which she should have filed her EEOC complaint clearly demonstrates that she was capable of pursuing her legal rights,[3] and that her PTSD was not an extraordinary circumstance justifying tolling the statute of limitations.

For these reasons, the Court declines to invoke equitable tolling here.

---

[3] It is noteworthy that the NYCCHR website states that "if you are unable to travel to the Commission's offices, [the Commission] will make alternative arrangements. " (Def.'s Reply Br. at 7 n.3 (citing NYCCHR website, "Filing a Complaint" http://www.nyc.gov/html/cchr/ html/complaint/filing-complaint.shtml (last visited 4/16/14))). The EEOC also allows claimants to call the office, write to the office, or complete an online assessment. (Def.'s Reply Br. at 7 n.3 (citing http://eeoc.gov/field/newyork/charge.cfm (last visited 4/16/14))).

## CONCLUSION

Defendants' Motion to Dismiss is hereby GRANTED. Plaintiff's Complaint is time-barred and the Court declines to invoke the doctrine of equitable tolling. Plaintiff's Complaint is therefore dismissed with prejudice. The Clerk of the Court is directed to close the case.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II
U.S.D.J.

Dated: April 30, 2014
Brooklyn, NY